UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| RAYMOND WINTERS,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 5:26-CV-05037-KES<br><br>ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION AND DENYING PETITION |

Petitioner, Raymond Winters, an inmate at the Victorville U.S. Penitentiary in Victorville, California, filed a petition requesting relief under 28 U.S.C. § 2241. *See* Docket 1.[1] The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and D.S.D. Civ. LR 72.1.

On June 2, 2026, the Magistrate Judge filed a report and recommended that Winters' § 2241 petition be consolidated with Winters' 28 U.S.C. § 2255 motion in *Winters v. United States*, 5:26-CV-05036-CCT (D.S.D.). Docket 14 at 6. Respondent notified the court that it had no objections to this recommendation. Docket 15. Winters timely filed his objections to the report. Docket 16. For the following reasons, after a de novo review of the record, this court overrules Winters' objections, adopts the magistrate judge's report and

[1] Documents cited from this civil file will be cited using the court's assigned docket number. Documents from Winters' underlying criminal case, *United States v. Winters*, 5:25-CR-50024-CCT (D.S.D.), will be cited using the court's assigned docket number preceded by "CR."

recommendation in part and rejects it in part, and denies Winters' § 2241 petition.

**FACTUAL BACKGROUND**

The Magistrate Judge's report and recommendation provides a summary of the facts and procedural history of this case. Docket 14 at 2-3. Thus, the court provides only a brief summary incorporating the Magistrate Judge's explication of the facts, and supplements where necessary from the rest of the record.

Winters pleaded guilty to possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) on October 8, 2025. CR Docket 28. The court sentenced Winters to 96 months in custody on January 12, 2026. CR Docket 45. Winters filed a pro se notice of appeal on April 6, 2026, and the Eighth Circuit dismissed the appeal as untimely on April 10, 2026. CR Docket 48; CR Docket 51.

On April 6, 2026, Winters filed a pro se motion seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *Winters v. United States*, 5:26-CV-05036-CCT, Docket 2. The § 2255 motion was referred to a Magistrate Judge who recommended dismissal. *Id.* at Docket 14. The court adopted this recommendation, granted the government's motion to dismiss, and entered judgment in favor of the government on September 24, 2026. *Id.* at Docket 16; Docket 17.

On April 6, 2026, Winters also filed this petition for a writ of habeas corpus under § 2241. Docket 1. Winters' objections to the Magistrate Judge's report and recommendation are now before this court.

**STANDARD OF REVIEW**

The court's review of the magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to a magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

**DISCUSSION**

Winters raised four grounds for relief in his § 2241 petition. Docket 1. First, he argues that a video involving the alleged victim demonstrates he is not guilty of the underlying state charges. *Id.* at 6-7. Second, he claims he was unaware of the video before sentencing and could not have presented the victim's testimony or cross-examined the victim. *Id.* at 8. Third, he contends the district court improperly relied on the underlying state charges to impose an upward variance at sentencing. *Id.* at 7. Finally, he claims that the district court should have granted a downward variance because the state charges were unresolved at the time of his federal sentencing and were eventually dismissed. *Id.*

In Winters' § 2255 motion, he raised two similar grounds for relief. *Winters*, 5:26-CV-05036-CCT, Docket 2 at 4-6. Winters first challenged the enhancement and upward variance imposed at sentencing due to the subsequently dismissed state charges. *Id.* at 4. Winters also claimed the video evidence undermined the factual basis for both the variance and the enhancement. *Id.* at 5. After reviewing the allegations in the § 2241 petition and § 2255 motion, this court agrees with the report and recommendation's conclusion that the two petitions raise nearly identical claims. Docket 14 at 3.

A petitioner may file a § 2241 petition challenging the execution of his sentence but not the validity of the sentence itself. *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002). Winters' claims relate to the enhancement and the upward variance he claims was imposed at his sentencing. *See generally* Docket 1. "[A] challenge to the validity of the sentence itself must be brought under § 2255 in the district of the sentencing court[,]" while an attack on the execution of a sentence under § 2241 must be brought "in the district where [the petitioner] is incarcerated[.]" *Matheny*, 307 F.3d at 711. The savings clause in § 2255(e) permits a § 2241 petition challenging the legality of the prisoner's detention in certain circumstances including when "a prisoner might wish to argue that he is being detained in a place or manner not authorized by the sentence, that he has unlawfully been denied parole or good-time credits, or that an administrative sanction affecting the conditions of his detention is illegal." *Jones v. Hendrix*, 599 U.S. 465, 475 (2023). If none of these circumstances are present, § 2255(e) bars a federal prisoner from filing a

§ 2241 petition unless the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Id.* at 469. The burden is on the prisoner to establish § 2255 relief is unavailable or ineffective. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).

As stated in the report and recommendation, if the prisoner has not met this burden, the district court "lack[s] jurisdiction to entertain [petitioner's] § 2241 claims." *Id.* The court denied Winters relief on his § 2255 motion on September 24, 2026. *Winters*, 5:26-CV-05036-CCT, Docket 17. Winters has not provided any evidence to show that the remedy he sought in his § 2255 case was ineffective or inadequate. Because Winters has not shown that the remedy under § 2255 was inadequate or ineffective, he is barred from seeking relief under § 2241. *See Hill*, 349 F.3d at 1092. But the court does not adopt the magistrate judge's recommendation to consolidate Winters' § 2241 case with his § 2255 matter because the § 2255 matter before Judge Theeler is closed.

Even if the court deemed Winters' § 2241 petition as a second or successive § 2255 motion, his claims are barred. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) allows second or successive § 2255 motions only if they rely on either newly discovered evidence or a new rule of constitutional law. 18 U.S.C. § 2255(h)(2); *Jones*, 599 U.S. at 469. Unless one of these conditions is satisfied, a second or successive collateral attack on a federal sentence under § 2255 is not authorized. *Id.* at 470. Winters' § 2241 petition involves neither newly discovered evidence or a new

rule of constitutional law. Thus, Winters cannot circumvent these procedural requirements through a § 2241 petition or a successive § 2255 motion.

Winters' objections to the report and recommendation only take issue with closing the § 2241 case. Docket 16 at 1. Winters restates his request for re-sentencing based on the deficiency of the facts alleged to support the upward variance he alleges was imposed by the court at sentencing. *Id.* On July 6, 2026, Winters supplemented his petition with multiple cases to support habeas relief and an additional ineffective assistance of counsel claim. Docket 17; Docket 18. None of the referenced cases relate to claims that can be raised under § 2241 because all discuss the validity of a sentence, not the execution of a sentence. Also, the appropriate avenue for ineffective-assistance-of-counsel claims is § 2255. *United States v. Dubray*, 727 F.2d 771, 772 (8th Cir. 1984) (per curiam).

Winters' claims were improperly brought under § 2241 and, even if the court were to treat the petition as a successive § 2255 motion, it is procedurally barred under AEDPA.

## CONCLUSION

The court has considered the case de novo and accepts the portions of the recommendation consistent with this opinion and rejects the recommendation that the matter be consolidated with the § 2255 motion. Thus, it is

ORDERED

1. That the Magistrate Judge's report and recommendation is adopted in part and rejected in part (Docket 14).
2. That Winters' objections are overruled (Docket 16).
3. That Winters' petition under 28 U.S.C. § 2241 (Docket 1) is denied.

Dated October 14, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE